PD-0438-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/24/2015 11:00:52 AM
Accepted 7/24/2015 11:16:11 AM
ABEL ACOSTA
CLERK

No. PD-0438-15

## IN THE COURT OF CRIMINAL APPEALS

### ROCHELLE SCHELLING

Appellant,

v.

### THE STATE OF TEXAS

## CORRECTED PETITION FOR DISCRETIONARY REVIEW

**Clement Dunn**
**State Bar No. 06249300**
**140 East Tyler, Suite 240**
**Longview, Texas 75601**
**Telephone: 903-753-7071**
**Fax: 903-753-8783**

FILED IN
COURT OF CRIMINAL APPEALS

July 24, 2015

ABEL ACOSTA, CLERK

## ORAL ARGUMENT WAIVED

# IDENTITY OF PARTIES AND COUNSEL

Appellant certifies that the following is a complete list of all parties to the trial court's judgment and the names and addresses of their trial and appellate counsel.

1.      Appellant:     Rochelle Schelling

2.      Appellant's Trial Counsel:

       Clement Dunn
       Attorney at Law
       140 E. Tyler Street, Suite 240
       Longview, TX 75601
       TSB No. 06249300

3.      Appellant's Counsel on Appeal:

       Clement Dunn
       Attorney at Law
       140 E. Tyler Street, Suite 240
       Longview, TX 75601
       TSB No. 06249300

4.      Attorney for the State:

       Zan Brown
       Assistant District Attorney, Gregg County
       101 East Methvin St., Suite 333
       Longview, Texas 75601
       TSB No. 03205900

       Lisa McMinn
       State Prosecuting Attorney
       PO Box 13046
       Austin, TX 78711-3046
       TSB No. 13803300

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

QUESTION FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CERTIFICATE OF WORD COUNT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

EXHIBIT A (COURT OF APPEALS' OPINION) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

# INDEX OF AUTHORITIES

## Cases

Brooks v. State, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

Brown v. State, 333 S.W.3d 606, 608 (Tex. App.—Dallas 2009, no pet.) . . . . . . . . . . . . . *2*

Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing Jackson, 443 U.S. at 318–19) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*

Hill v. State, 633 S.W.2d 520 (Tex. Crim. App. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*

## Statutes and Codes

Section 31.03(e)(4)(D), Texas Penal Code . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Section 15.01(a), Texas Penal Code . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Section 31.03(a) of the Texas Penal Code . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Section 31.01(4) of the Penal Code . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

NO. PD-0438-15

TO THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

ROCHELLE SCHELLING                                                    Appellant

V.

THE STATE OF TEXAS                                                   Appellee

\* \* \* \* \*

## CORRECTED PETITION FOR DISCRETIONARY REVIEW

\* \* \* \* \*

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Comes Now the Appellant, by and through her attorney, Clement Dunn and respectfully

urges this Court to grant discretionary review of the above named cause.

## STATEMENT REGARDING ORAL ARGUMENT

Believing that this Honorable Court can resolve this case on the basis of the record and

the briefs, Appellant respectfully does not request oral argument.

## STATEMENT OF THE CASE

Offense:        Theft


Verdict:        Guilty; Fifteen (15) months confinement - Texas Department of Criminal Justice

                - State Jail Division


Date of Verdict:        June 30, 2014

Trial Court:    124th District Court, Gregg County, Texas.

This case involves a prosecution for Theft, a State Jail Felony, based on an enhancement

of the underlying charge under Section 31.03(e)(4)(D), Texas Penal Code, alleging prior theft

Petition For Discretionary Review, SCHELLING          1

convictions. C.R., at 4. The Appellant waived her right to a jury trial, and proceeded in a bench trial on her plea of "not guilty." C.R., at 10;12. At the conclusion of this trial, the Court found the Appellant "guilty." C.R., at 112; R.R. 3, at 46-48. Following the preparation of a presentence report, the Court held a hearing on sentencing; at the conclusion of that hearing, the Court sentenced the Appellate to serve fifteen months' confinement in a State Jail. R.R.3, at 48; R.R.4, at 16.

## STATEMENT OF PROCEDURAL HISTORY

Date of Opinion from Sixth Court of Appeals:      March 17, 2015

No motion for rehearing was filed.

## QUESTION FOR REVIEW

Has a potential "shoplifter" who has placed items in a shopping cart and who has not left the interior of the store when apprehended committed a "completed" act of theft?.

## ARGUMENT

The instant case involves an act of potential shoplifting–but an act that the Appellant respectfully contends remained potential only, not completed. The Appellant does not contend she committed no crime. Rather, the Appellant argues here that the facts of the case should make her guilty of "attempted" theft–not a "completed" act of theft.

The Court of Appeals summarized the facts pertinent to this question as follows:

> In evaluating legal sufficiency, we review all the evidence in the light most favorable to the verdict to determine whether any rational fact-finder could have found beyond a reasonable doubt that Schelling committed theft. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Brown v. State*, 333 S.W.3d 606, 608 (Tex. App.—Dallas 2009, no pet.). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to

draw reasonable inferences from basic facts to ultimate facts."
*Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing
*Jackson*, 443 U.S. at 318–19) .

Opinion, at 3-4. The Opinion goes further, describing the Appellant's exit from the store,

and while she did act evasively–she no longer possessed any property belonging to the

store. Id.

Section 15.01(a), Texas Penal Code, defines a "criminal attempt as follows:

> Sec. 15.01. CRIMINAL ATTEMPT. (a) A person commits an offense if,
> with specific intent to commit an offense, he does an act amounting to
> more than mere preparation that tends but fails to effect the commission of
> the offense intended.

Section 15.01(a), Texas Penal Code.

The Appellant respectfully submits that this language describes her conduct in the

instant case. The "owner" never lost "control" over the property. The "theft" was never

completed.

Section 31.03(a) of the Texas Penal Code defines the offense of theft:

> Sec. 31.03. THEFT. (a) A person commits an offense if he unlawfully
> appropriates property with intent to deprive the owner of property.

Section 31.03(a), Texas Penal Code.

Section 31.01(4) of the Texas Penal Code defines the term "appropriate":

> (4) "Appropriate" means:
> (A) to bring about a transfer of purported transfer of title to or other
> nonpossessory interest in property, whether to the actor or another; or
> (B) to acquire or otherwise exercise control over property other than real
> property.

Section 31.01(4), Texas Penal Code.

As set forth in the Appellant's Brief on direct appeal, several points emerge from

the record that tend to show that the Appellant may have attempted a theft–but did not

commit a completed offense of theft:

> 1. The Appellant never left premises under the control of the owner
>    of the property. She never exited the store. That the Appellant

never "acquired" or "controlled" the property becomes clear when a store employee takes control of the shopping cart–and the property within it–entirely within the store itself.

2. The property at all times remained in the shopping cart–which belonged to the store (the "owner"). The indictment does not allege–and no other implication arises from the record–that the Appellant "stole," or committed theft, of the shopping cart itself. Thus at all times the property remained within premises (the store itself) controlled by the owner and within other property (the shopping cart) in the possession of and under the control of the owner(i.e., not alleged to have been "appropriated by the Appellant).

3. The facts reflect no concealment, or effort to conceal, any of the items from plain view of the public, store employees, or cameras, by the Appellant.[1]

4. The Appellant did not alter, impair, or damage any of the items.

5. The "tags," indicating ownership by the store, were not removed, altered, or impaired in any way by the Appellant.

6. The Appellant at no time trespassed or in any way entered any area not open to the public.

7. The record indicates no act on the part of the Appellant to conceal herself from the public view, or disguise her appearance in any way.

Yet, the Court of Appeals concluded:

Here the evidence showed that (the Appellant) removed merchandise from the store shelves, placed the items into her cart, walked past the cash registers, and was about to exit the store.

Opinion, at 5-6. The Court next finds: "The evidence is legally sufficient to show that (the Appellant) exercised control over the property in her cart." Id., at 6.

The Appellant respectfully asserts that the exercise of control had not been completed. Instead, this conduct "tended but failed to effect the commission of the offense intended." (See Section 15.01(a), Texas Penal Code, set forth above.).

Significantly, the Appellant may have been "about to exit the store" with the property–but did not. The Appellant never removed the property from the premises that also belonged

---

[1] See and cf. Hill v. State, 633 S.W.2d 520 (Tex. Crim. App. 1981), on which the trial court relied. See R.R.3, at 47. In Hill, the appellant had actually concealed a handgun (the stolen property) under his shirt. Id., at 521. This provides a significant distinction between the facts of Hill and the facts of the instant case.

to the owner of the property allegedly stolen. Also, although the Court of Appeals refers to "her" basket, in fact that basket belonged to the store—the owner of the property.

Citing, among other cases, <u>Hill v. State</u>, 633 S.W.2d 520, 521 (Tex. Crim. App. 1981), the Court states that to "show theft under Texas law, it is not necessary to establish that the property was removed or carried away from the premises." Opinion, at 5. But in <u>Hill</u>, the defendant concealed the property (a handgun) under his shirt. Additionally, there are instances in which individuals consume or destroy property without leaving the premises—e.g., a store—where the property was found. The instant case differs substantially from these.

The Appellant respectfully submits that where items are in a shopping cart that belongs to the store—the items are not in the direct, literal physical possession of the actor—then the actor has not completed the exercise of control over those items, so long as the actor remains within the premises of the store. Theft has not been completely effected. This constitutes an "attempt," under Section 15.01(a), Texas Penal Code, not a completed theft under Section 31.03(a), <u>id</u>..

<u>**PRAYER**</u>

The Appellant respectfully requests this cause be dismissed on the basis of insufficient evidence of a completed offense; alternatively, the Appellant would request the cause be remanded to the Court of Appeals for reconsideration in light of a proper understanding of the requirements for a theft to be "complete," instead of "attempted."

Respectfully submitted,

___//ss//___Clement Dunn_____
State Bar No. 06249300
140 East Tyler, Suite 240
Longview, Texas 75601
Telephone: 903-753-7071
Fax: 903-753-8783

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Corrected Petition for Discretionary Review

was delivered to the Gregg County District Attorney's Office, Gregg, Texas on this

24th day of July 2015.

_//ss//_ Clement Dunn _____

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Corrected Petition for

Discretionary Review was mailed to the State's Prosecuting Attorney, P. O. Box 13046,

Austin, Texas, 78711-3046 on this 24th day of July, 2015.

_//ss//_ Clement Dunn _____

## CERTIFICATE OF WORD COUNT

I hereby certify that a total of 1868 words are included in this PDR.

_//ss//_ Clement Dunn _____

# EXHIBIT A



# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00173-CR

ROCHELLE SCHELLING, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 43049-B

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Rochelle Schelling pushed a shopping cart full of unpurchased, unbagged merchandise past the cash registers of her local Walmart and headed toward the exit. Following a bench trial, the trial court found Schelling guilty of theft of property with a value of less than $1,500.00, with two previous convictions of theft.[1] *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(D) (West Supp. 2014). On appeal, Schelling argues that the evidence is legally insufficient to support her conviction. We modify the judgment to reflect the correct statute defining the offense and affirm the judgment as modified, because (1) legally sufficient evidence supports Schelling's conviction and (2) the statute of offense is Section 31.03(e)(4)(D), not Section 31.03(f).

## (1) Legally Sufficient Evidence Supports Schelling's Conviction

In evaluating legal sufficiency, we review all the evidence in the light most favorable to the verdict to determine whether any rational fact-finder could have found beyond a reasonable doubt that Schelling committed theft. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Brown v. State*, 333 S.W.3d 606, 608 (Tex. App.—Dallas 2009, no pet.). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19).

---

[1]Schelling was sentenced to fifteen months' confinement in state jail.

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.* In this case, Schelling committed theft "if [s]he unlawfully appropriate[d] property with [the] intent to deprive the owner of property." TEX. PENAL CODE ANN. § 31.03(a) (West Supp. 2014).

Destinee Jeffrey, a Walmart Customer Service Supervisor, testified that she witnessed Schelling rapidly pushing a shopping cart full of unbagged items toward the front exit. Because Schelling had already passed all of the cash registers, Jeffrey immediately suspected her of shoplifting. Jeffrey stopped Schelling from exiting the store and asked her if she had a receipt for the merchandise in her cart. According to Jeffrey, Schelling admitted that she did not have a receipt, but claimed that she was just going to her car to get her money. After Jeffrey told Schelling that she could not leave the store with a cart of unpurchased items, Schelling abandoned her cart where it stood, threw her hands up in the air, and left.

Walmart surveillance video confirmed that Schelling was confronted by Jeffrey just as she was about to exit the front of the store. The video also shows Schelling's unusual approach to the front exit. The video demonstrated (1) that Schelling was originally pushing the cart toward the left side of the exit doors, (2) that Schelling noticed that a Walmart greeter was distracted in conversation with someone, and (3) that Schelling, looking like someone hoping to

3

exit undetected, decided to abruptly turn her shopping cart toward the right of the exit doors so that she could pass behind the Walmart greeter. However, Schelling banged her shopping cart against a large sign during her abrupt maneuver, thwarting her attempt to maintain a low profile.

Jeffrey called the police as she followed Schelling into the parking lot. According to Jeffrey, Schelling approached a random car in the Walmart parking lot, asked its occupants to let her inside of the car, and was declined entry. Schelling then walked to a nearby gas station, asked someone else if she could get in their car, and was granted a ride. Jeffrey informed the police dispatcher of the description of the car in which Schelling was departing the scene.

Schelling was soon apprehended by police, brought back into the store, and interviewed by Walmart representatives. Jeffrey testified, "[Schelling] went into the Asset Protection room, and they asked her about if she did it, and she said that she did do it." Officer Glenn Derr obtained a statement from the Walmart team and arrested Schelling.[2]

Schelling argues that this evidence is legally insufficient to show (1) that she possessed the mens rea required for the offense or (2) that she appropriated anything. We disagree.

"Intent to deprive must be determined from the words and acts of the accused." *Griffin v. State*, 614 S.W.2d 155, 159 (Tex. Crim. App. [Panel Op.] 1981); *Banks v. State*, 471 S.W.2d 811, 812 (Tex. Crim. App. 1971). Here, the trial court was able to view the Walmart surveillance video, which captured Schelling's evasive maneuvers and behavior. When confronted by Jeffrey, Schelling claimed that she was simply going to her car to get cash to pay for the merchandise. However, because Schelling asked strangers for a ride, it appeared that

---

[2]The merchandise in Schelling's shopping cart was valued at $529.19.

4

Schelling's excuse to exit the store was a ruse. Instead of retrieving cash to pay for the merchandise, Schelling fled. According to Jeffrey's testimony, Schelling confessed her guilt to the Walmart asset protection team. We find this evidence sufficient for the fact-finder to establish Schelling's mal-intent.

Next, Schelling argues that the evidence was insufficient to establish that she appropriated property because she abandoned all of the merchandise inside the store. In defining the various theft offenses, the word "appropriate" means "to acquire *or otherwise exercise control over* property other than real property." TEX. PENAL CODE ANN. § 31.01(4)(B) (West Supp. 2014) (emphasis added). "Any removal of the property, no matter how slight, from its customary location is sufficient to show control over the property for purposes of theft." *Nautilus Ins. Co. v. Steinberg*, 316 S.W.3d 752, 756 (Tex. App.—Dallas 2010, no pet.) (citing *Baker v. State*, 511 S.W.2d 272 (Tex. Crim. App. 1974)); *see Miera v. State*, 663 S.W.2d 508, 511 (Tex. App.—Amarillo 1983, no pet.). Contrary to Schelling's argument, "[t]o show theft under Texas law, it is not necessary to establish that the property was removed or carried away from the premises." *Id.* at 755–56 (citing *Hill v. State*, 633 S.W.2d 520, 521 (Tex. Crim. App. 1981)); *see Senter v. State*, 411 S.W.2d 742, 744–45 (Tex. Crim. App. 1967); *Hawkins v. State*, 214 S.W.3d 668, 670 (Tex. App.—Waco 2007, no pet.) ("[A]sportation—the act of carrying away or removing property—is not an element of statutory theft."). Here, the evidence showed that Schelling removed merchandise from the store shelves, placed the items into her cart,

5

walked past the cash registers, and was about to exit the store. The evidence is legally sufficient to show that Schelling exercised control over the property in her cart.[3]

## (2) The Statute of Offense Is Section 31.03(e)(4)(D), not Section 31.03(f)

Although neither Schelling nor the State raised the issue, the judgment's recitation of Section 31.03(f) as the statute of offense is incorrect.

We may modify the judgment to conform the record to the truth when we learn of an error. TEX. R. APP. P. 43.2; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.). "Our authority to reform incorrect judgments is not dependent on the request of any party, nor does it turn on a question of whether a party has or has not objected in [the] trial court; we may act sua sponte and may have a duty to do so." *Rhoten*, 299 S.W.3d at 356 (citing *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, writ ref'd); *see French*, 830 S.W.2d at 609.

Theft is typically classified as a misdemeanor offense. TEX. PENAL CODE ANN. § 31.03(e)(1)–(3) (West Supp. 2014). Theft, however, is punishable as a state jail felony if "the value of the property stolen is less than $1,500 and the defendant has been previously convicted two or more times of any grade of theft." TEX. PENAL CODE ANN. § 31.03(e)(4)(D). Schelling (1) pled true to the State's jurisdictional enhancements, which alleged that she had twice been previously convicted of theft, and (2) was, accordingly, convicted of a state jail felony.

---

[3]During sentencing, the trial court explained to Schelling, "[Y]ou had passed every avenue and every place where you could have paid for [the merchandise]. If Wal-Mart employees hadn't been there, they would have lost the merchandise. You would have walked out with it."

6

Here, although the judgment correctly uses language from Section 31.03(e)(4)(D) of the Texas Penal Code to describe the offense, the judgment mistakenly lists Section 31.03(f) as the statute of offense.[4] Consequently, we modify the judgment to designate Section 31.03(e)(4)(D) of the Texas Penal Code as the correct statute of offense.

We affirm the judgment as modified.

Josh R. Morriss, III
Chief Justice

Date Submitted:    March 4, 2015
Date Decided:     March 17, 2015

Do Not Publish

---

[4]Section 31.03(f) of the Texas Penal Code increases the category of offense in various circumstances not applicable to this case. *See* TEX. PENAL CODE ANN. § 31.03(f) (West Supp. 2014).

7